# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE TAITANO, | 1:06-cv-00973-LJO-GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| BIGGS, et. al., | (Doc. 1) |
| Defendants. | |

**I.    SCREENING ORDER**

George Taitano ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on June 26, 2006.

**A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1   appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §
2   1915(e)(2)(B)(ii).
3         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
5   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
6   467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
7   Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
8   complaint under this standard, the court must accept as true the allegations of the complaint in
9   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
10  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
12       **B.**    **Summary of Plaintiff's Complaint**
13        Plaintiff is a state prisoner at Pleasant Valley State Prison ("PVSP") in Coalinga,
14  California – where the acts he complains of occurred.  Plaintiff names the City of Coalinga,
15  Officer Austin, Officer Biggs, and Does 1 through 10 as defendants.
16        Plaintiff alleges that: due to being a 70 year old "first termer," he became labeled among
17  inmates as a child molester (although his conviction had nothing to do with crimes against
18  children); due to this wrongful label, Plaintiff became the victim of inmate gang extortion;
19  Plaintiff inconspicuously passed a note to Officer Austin advising him of the inmate gang
20  extortion; Officer Austin responded that he would take care of the matter; interviews of the entire
21  prison population (including Plaintiff) were conducted; in his interview, Plaintiff advised Officer
22  Biggs of the inmate gang extortion and Officer Biggs also responded that he would take care of
23  the matter; neither Officer Austin nor Officer Biggs took any action to rectify the situation;
24  subsequently, Plaintiff was ambushed by an inmate gang member and was stabbed in the neck
25  with an inmate manufactured knife; Plaintiff was taken to the medical facility and examined by
26  medical staff (Does 6 and 7), was noted to have "an old scratch to the right side of his neck," and
27  apparently did not receive medical treatment for his stab wound until approximately two months
28  after the incident; as a result of the stabbing incident, Plaintiff was cited with a Serious Rules

Violation Report ("SRVR") by "Defendant R. Jacobs;"[1] the SRVR was subsequently dismissed; and Plaintiff's administrative grievances regarding the stabbing incident were lost, or misplaced, or were otherwise refused processing by the appeal coordinators ("John or Jane Doe 8 and 9").

Plaintiff seeks declaratory, injunctive, and monetary relief.

### C. Pleading Requirements

#### 1. *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

---

[1] Plaintiff did not identify "R. Jacobs" as a defendant in the caption or in his list of defendants in section "III. Defendants." If he chooses to file an amended complaint and intends to pursue R. Jacobs as a defendant, Plaintiff must be sure to name R. Jacobs as a defendant in the caption and/or in section "III. Defendants."

The Court notes that, on December 1, 2006, Plaintiff filed a document entitled "Amended Supplement Additional Points and Authorities 42 U.S.C. Sec. 1983, and 28 U.S.C. Sec. 2201; Sec. 2202." Doc. 8. Plaintiff is advised that it is inappropriate to use legal citations and argument in the pleading stage. In his initial pleading (i.e. the complaint and any amended complaints) Plaintiff is only required to state a prima facie claim for relief. Thus, in amending his complaint, Plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from reciting legal citations and/or argument.

### 2. *Federal Rule of Civil Procedure 18*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to three the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

4

the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

      **D.**      **Claims for Relief**

           **1.** *Safety/Failure to Protect*

Plaintiff alleges that he advised both Officer Austin and Officer Biggs about inmate gang extortion activities, that both defendants advised Plaintiff they would take care of the matter (but failed to do so); and that Plaintiff was stabbed in the neck by an inmate gang member because he refused to continue paying extorted sums.

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray 682 F.2d 1237, 1250-51 (9th Cir. 1982); see also Farmer v. Brennan 511 U.S. 825, 833 (1994).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. See Farmer, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prison must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

To grant injunctive relief concerning serious risks to the inmate's safety, the court must find that at the time the relief will be granted there is still a serious, present risk to the inmate and that the prison officials are still acting with deliberate indifference to that risk. Farmer, 511 U.S. at 845-47; see also Helling v. McKInney 509 U.S. 25, 35-36 (1993) (discussing injunctive relief where there is a threat of harm to inmate's health). Plaintiff fails to allege whether he continues to be at serious risk of harm. Thus, the Court cannot grant injunctive relief at this time.

The Ninth Circuit has held that placing a pre-operative transsexual, who acts and dresses effeminately, in the prison's general population evidenced deliberate indifference to an inmate's safety. Farmer, 511 U.S. at 848-49; cf. Redman v. County of San Diego, 942 F.2 1435, 1444-45 (9th Cir. 1991)(en banc)(concluding that placing a young pre-trial detainee in a cell with a known aggressive sexual offender was deliberate indifference to the detainee's safety). Allegations that a defendant placed an "R-suffix" (indicating inmate is a sexual offender) in an inmate's file, knowing that the inmate would be stabbed if he was subsequently placed into the general population are sufficient to show that the defendant had knowledge of a risk to plaintiff's safety. See Knight v. Runnels No. CIV S-07-0751-FCD-CMK-P (E.D. Cal. Filed Aug. 20, 2007). The Ninth Circuit has also held that allegations that prison officials called a prisoner a "snitch" in the presence of other inmates were sufficient to state a claim of deliberate indifference to an inmate's safety. See Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989). But see Morgan v. MacDonald 41 F.3d 1291, 1293-94 (9th Cir. 1994)(rejecting Eighth Amendment claim where prisoner who had been labeled a snitch had not been retaliated against).

Plaintiff alleges that: due to being a 70 year old "first termer," he became labeled among inmates as a child molester (although his conviction had nothing to do with crimes against children); due to this wrongful label, Plaintiff became the victim of inmate gang extortion; Plaintiff inconspicuously passed a note to Officer Austin advising him of the inmate gang extortion; Officer Austin responded that he would take care of the matter; interviews of the entire prison population (including Plaintiff) were conducted; in his interview, Plaintiff advised Officer Biggs of the inmate gang extortion and Officer Biggs also responded that he would take care of the matter; neither Officer Austin or Officer Biggs took any action to abate the risk of harm to

Plaintiff; subsequently, Plaintiff was ambushed by an inmate gang member and was stabbed in the neck with an inmate manufactured knife. These allegations sufficiently state cognizable claims against Officer Austin and Officer Biggs for being deliberately indifferent to serious threats to Plaintiff's safety.

### 2. *Cruel & Unusual Punishment*

Plaintiff alleges that he was subjected to cruel and unusual punishment by "[t]he City of Coalinga; Prison Officials, Austin, Biggs, and Prison Medical Staff, Doe's 6 to 7, and John and Jane Doe's 1 to 10."

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim," and "deliberate indifference to medical needs" violates the Eighth Amendment "only if those needs are 'serious.'" Id. at 9 (citation omitted). With respect to these types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. at 9 (quotations and citations omitted). With respect to excessive force claims, however, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff's claims regarding deliberate indifference to his serious medical needs is discussed in the subsequent section.

Plaintiff fails to state any allegations as to any of the defendants engaging in the use of physical force against him. Further, Plaintiff fails to state cognizable claims for use of excessive force against any of the named defendants as he fails to allege that any of the defendants were

7

personally involved in the stabbing incident, or that any of the defendants did not have legitimate penological justification for their actions, and/or that any of the defendants acted with malicious and sadistic intent.

Thus, Plaintiff fails to state a cognizable claim against any of the defendants for subjecting him to cruel and unusual punishment.

### 3. *Deliberate Indifference to Serious Medical Needs*

Plaintiff alleges that Prison Medical Staff, Doe's 6 to 7, were deliberately indifferent to his serious medical needs.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff alleges that, subsequent to being ambushed by an inmate gang member who stabbed him in the neck, Plaintiff was taken to the medical facility and examined by medical staff (Does 6 and 7), was noted to have "an old scratch to the right side of his neck," and apparently

did not receive medical treatment for his stab wound until approximately two months after the incident. While Plaintiff alleges that he was stabbed in the neck, he fails to allege how the stab wound presented an excessive risk to his health; how acts of Does 6 and 7 constituted deliberate indifference to that excessive risk to Plaintiff's health; and what, if any further harm he sustained as a result of the two month delay in treatment.

Thus, Plaintiff fails to state a cognizable claim against Does 6 and 7 for deliberate indifference to his serious medical needs.

### 4. *Procedural Due Process*

#### a. *Inmate Appeals Process & Due Process*

Plaintiff alleges that his administrative grievances regarding this extortion and stabbing incident all were lost, misplaced, or otherwise not processed by John or Jane Doe 8 and 9 – the appeals coordinators.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v.

1   DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

2         Actions in reviewing prisoner's administrative appeal cannot serve as the basis for
3   liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows
4   about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is
5   not correct. "Only persons who cause or participate in the violations are responsible. Ruling
6   against a prisoner on an administrative complaint does not cause or contribute to the violation. A
7   guard who stands and watches while another guard beats a prisoner violates the Constitution; a
8   guard who rejects an administrative complaint about a completed act of misconduct does not."
9   George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645,
10  656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters,
11  97 F.3d 987, 992-93 (7th Cir.1996).

12        Plaintiff fails to allege infringement of a protected liberty interest and thus fails to state a
13  cognizable claim for violation of his right to procedural due process against John and Jane Doe 8
14  and 9.

### b. *Serious Rules Violation Report*

16        Plaintiff alleges that, as a result of the stabbing incident, "Defendant R. Jacobs" cited him
17  with a SRVR.

18        The Due Process Clause protects prisoners from being deprived of liberty without due
19  process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of
20  action for deprivation of due process, a plaintiff must first establish the existence of a liberty
21  interest for which the protection is sought. "States may under certain circumstances create liberty
22  interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-
23  84 (1995). Liberty interests created by state law are generally limited to freedom from restraint
24  which "imposes atypical and significant hardship on the inmate in relation to the ordinary
25  incidents of prison life." Sandin, 515 U.S. at 484.

26        When a prisoner faces disciplinary charges, prison officials must provide the prisoner
27  with (1) a written statement at least twenty-four hours before the disciplinary hearing that
28  includes the charges, a description of the evidence against the prisoner, and an explanation for

the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff v. McDonnell, 418 U.S. 539, 563-70 (9th Cir. 1974); see also Superintendent v. Hill 472 U.S. 445, 454 (1985); Neal v. Shimoda, 131 F.3d 818, 830-31 (9th Cir. 1997); Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir. 1986).

"When prison officials limit a prisoner's right to defend himself they must have a legitimate penological interest." Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense). The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." Ponte v. Real, 471 U.S. 491, 495 (1985); see also Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996); Koenig, 971 F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir. 1987)(per curiam).

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ." Hill, 472 U.S. at 455; see also Touissaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989); Jancsek, III v. Oregon bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987); see especially Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of liberty interest.)

However, the "some evidence" standard does not apply to original rules violation report where a prisoner alleges the report is false. Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997).

Plaintiff fails to establish the existence of any liberty interest that was infringed on by the SRVR. Plaintiff also fails to state any facts to address any of the requirements set forth in Wolff. Further, Plaintiff alleges that, on review, the SRVR was dismissed. Therefore, Plaintiff fails to state a cognizable claim against R. Jacobs for violation of his procedural due process rights.

### 5. *State Law Claims*

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

### 6. *Municipal Liability*

Plaintiff alleges that the City of Coalinga is liable because he may not have been assaulted and stabbed if the City of Coalinga had adhered to the Department of Corrections/Rehabilitations protocols under Title 15, and because the knowledge of Officers Austin and Biggs prior to the incident can be imputed to the municipality.

However, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this

route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Thus, Plaintiff fails to state a cognizable municipal liability claim against the City of Coalinga.

## II.     CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28

U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that it is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure. Further, the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. Thus, in amending his complaint, Plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __**June 24, 2008**__            _____/s/ **Gary S. Austin**_____
                                                                            UNITED STATES MAGISTRATE JUDGE